## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James E. Wright, Jr.                                     :
416 Tohickon Avenue                                     :
Quakertown, PA 18951                                    :         No.
and                                                      :
Vicki Piontek                                           :
951 Allentown Road                                      :
Lansdale, PA 18951                                      :
                                                         :
                            Plaintiff,                  :
            v.                                           :
                                                         :
Thompson Reuters Corporation                            :
3 Times Square                                          :
New York, NY 10036                                      :
and                                                      :
West Publishing Corporation                             :
610 Opperman Drive                                      :
Saint Paul, MN 55123-1340                               :
and                                                      :
John Does 1-10                                          :
and                                                      :
X, Y, Z Corporations                                    :
                            Defendant.                  :
                                                         :

## NOTICE OF REMOVAL

Defendants Thomson Reuters Corporation (incorrectly named as "Thompson Reuters

Corporation") and West Publishing Corporation (collectively "Defendants"), through their

undersigned counsel, Reed Smith LLP, hereby remove this action from the Court of Common

Pleas, Bucks County, Pennsylvania to the United States District Court for the Eastern District of

Pennsylvania, and in support state as follows:

    1.      Plaintiffs James E. Wright, Jr. and Vicki Piontek ("Plaintiffs") commenced this

action in the Court of Common Pleas, Bucks County, Pennsylvania, by filing a Praecipe for Writ

of Summons on December 9, 2011 and two Complaints on February 3, 2012, true and correct

copies of which are attached collectively as **Exhibit A**.

2.      Defendants Thomson Reuters Corporation and West Publishing Corporation

were served with the Complaint by certified mail no earlier than February 3, 2012, i.e., the filing

date of the Complaint.

3.      To date, no further pleadings have been filed and no further proceedings have

occurred in the Bucks County Court litigation.

4.      In Plaintiffs' Complaint, they purport to set forth claims under the Fair Credit

Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

5.      Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the

removal of any civil action over which the district courts of the United States would have

original jurisdiction.

6.      The Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being

filed within thirty (30) days of receipt "through service or otherwise, of a copy of the initial

pleading setting forth the claim for relieve upon which such action or proceeding is based . . . ."

7.      This Court has original jurisdiction over this action because Plaintiffs' claims are

"founded on a claim or right arising under the ... laws of the United States." See 28 U.S.C. §

1441(b). More specifically, original jurisdiction is present in this action because Plaintiffs'

alleged claim under the Fair Credit Reporting Act presents a federal question. See 28 U.S.C. §

1331.

8.      Accordingly, had Plaintiffs' Complaint been brought in the United States District

Court for the Eastern District of Pennsylvania originally, this Court would have had original

2

jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9.      Pursuant to 28 U.S.C. § 1441(a), this action may be removed to the "district court of the United States for the district and division embracing the place where such action is pending." The Bucks County Court of Common Pleas is located within the Eastern District of Pennsylvania.

10.     Written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be served promptly upon all Parties and filed with the Court of Common Pleas, Bucks County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

11.     No admission of fact, law or liability is intended by this Notice of Removal, and Defendants Thomson Reuters Corporation and West Publishing Corporation expressly preserves all of their defenses, denials and/or objections to Plaintiffs' Complaint and each and every allegation thereof.

WHEREFORE, Defendants Thomson Reuters Corporation and West Publishing Corporation request that the above-captioned action be removed from the Court of Common Pleas, Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and that all further proceedings in this action be held before this Court.

Andrew J. Soven
Attorney I.D. No. 76766
Joe N. Nguyen
Attorney I.D. No. 93638
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

3

215-851-8100

*Attorneys for Defendants*
Thomson Reuters Corporation and West
Publishing Corporation

Dated: February 15, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2012, I caused a true and correct copy of the foregoing Notice of Removal to be served via First Class United States Mail, postage prepaid upon the following:

Crystal Powell, Esquire
21 South 12th Street, Suite 100
Philadelphia, PA 19107

Joseph Sucec, Esquire
325 Peach Glen Idaville Road
Gardners, PA 17324

_____
Joe N. Nguyen

# EXHIBIT A



IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                          :
416 Tohickon Avenue                           :
Quakertown, PA  18951                         :
and                                           :
Vicki Piontek                                 :
951 Allentown Road              :             **2011-10895**
Lansdale, PA  19446             :
Vs.                    Plaintiff :
Thompson Reuters Corporation                  :
3 Times Square                                :
New York, NY 10036                            :
and                                           :
West Publishing Corporation                   :
610 Opperman Drive                            :
Saint Paul, MN  55123-1340                    :
and                                           :
John Does 1-10                  :             Jury Trial Demanded
and                                           :
X,Y, Z Corporations                           :
                    Defendant   :

**NOTICE TO DEFEND**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you

must take action within twenty (20) days after this Complaint and Notice are served by entering a written

appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims

set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may

be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any

other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union Street, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413          Fax: 215-348-3277



Case Number: 2011-10895                          10
Receipt:    Z640499                          Judge: 27
Code:  48                               Filing: 9782592
Patricia Bechtle - Bucks Co Prothonotary
B09              2/3/2012 12:30:19 PM

N THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                      :
416 Tohickon Avenue                       :
Quakertown, PA 18951                      :
and                                       :
Vicki Piontek                             :
951 Allentown Road                        :        2011-10895
Lansdale, PA 19446                        :
Vs.                         Plaintiff     :
Thompson Reuters Corporation              :
3 Times Square                            :
New York, NY 10036                        :
and                                       :
West Publishing Corporation               :
610 Opperman Drive                        :
Saint Paul, MN 55123-1340                 :
and                                       :
John Does 1-10                            :        Jury Trial Demanded
and                                       :
X,Y, Z Corporations                       :
                            Defendant     :

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by two individual consumers for Defendant(s)'

   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate

   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendant(s) do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff James Wright resides in this jurisdiction.

5. Witnesses involved in the case are located at or near this jurisdiction.

6. Similar litigation is already pending in this jurisdiction involving the same or similar issues of law and fact.

PARTIES

7.  All previous paragraphs of this complaint are incorporated by reference and made a part
    of this complaint.

8.  Plaintiffs s are the following persons.

    a.  James E. Wright, Jr., an adult individual with a current address of 416
        Tohickon Avenue, Quakertown, PA  18951.

    b.  Vicki Piontek, with a current address including but not limited to 951
        Allentown Road, Lansdale, PA  19446.

9.  Defendants are the following individuals and business entities.

    a.  Thompson Reuters Corporation, a corporation with a an address including but not limited to 3
        Times Square, New York, NY 10036.

    b.  West Publishing Corporation, a corporation with a an address including but not limited to 610
        Opperman Drive, Saint Paul, MN  55123-1340.

    c.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiffs at
        this time, but which will become known upon proper discovery.  It is believed and averred
        that such Does played a substantial role in the commission of the acts described in this
        complaint.

    d.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiffs at this
        time, but which will become known upon proper discovery.  It is believed and averred that
        such entities played a substantial role in the commission of the acts described in this
        complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Include Required Notices with Plaintiffs' Consumer Report**

10. All previous paragraphs of this complaint are incorporated by reference and made a part

of this complaint.

PLAINTIFFS' STATUS AS A CONSUMER, 15 USC 1681a (c)

11. At all times mentioned herein Plaintiffs was a consumer as defined by 15 USC 1681.

12. At all times mentioned herein Plaintiffs was a person as defined by 15 USC 1681a (c).

13. At all times mentioned herein Plaintiffs was an individual as defined by 15 USC 1681a

(c).

FILE(S) MAINTAINED BY DEFENDANT(S) ON PLAINTIFFS 15 USC 1681a (d)

14. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report"

on Plaintiffs as defined by 15 USC 1681(a)(d), as follows.

**(d) Consumer Report.—**
**(1) In general.—** The term "consumer report" means any written, oral, or other
communication of any information by a consumer reporting agency bearing on a
consumer's credit worthiness,[1] credit standing, credit capacity, character, general
reputation, personal characteristics, or mode of living which is used or expected to be
used or collected in whole or in part for the purpose of serving as a factor in establishing
the consumer's eligibility for
**(A)**credit or insurance to be used primarily for personal, family, or household purposes;
**(B)**employment purposes; or
**(C)**any other purpose authorized under section 1681b of this title.

15. The reports maintained by Defendant(s) on Plaintiffs were written communications.

16. The written report maintained by Defendant(s) had a bearing on Plaintiffs' credit worthiness, credit capacity, character, general reputations, personal characteristics or mode of living for reasons including but not limited to the following.

    a.    The consumer report contained Bankruptcy information about Plaintiffs.

    b.    The consumer report contained information about pending lawsuit(s) against one Plaintiffs.

    c.    The report contained information about judgments that might pertain to Plaintiffs.

    d.    The report contained information about Plaintiffs' criminal history

    e.    The report contained information about Plaintiffs' address(es) and residential history.

    f.    The report contained telephone numbers pertaining to Plaintiffs.

    g.    The report contained information pertaining to Plaintiffs' assets.

17. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance for personal, family, or household purposes; or for employment purposes; or for any other purpose authorized under section 15 USC 1681b et. seq.

18. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which lists a "skip tracer" as one of the features of subscribing to Plaintiffs' service that provides such reports.  See attached Exhibit A.

19. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describes records maintained on individuals which help identify assets.  See Exhibit A.

20. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describes records maintained which help the user locate and individuals.  See Exhibit A.

21. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describe the various personal databases kept on individuals.  See Exhibit A.

22. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to verify the individual's SSN. See Exhibit A.

23. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to link the individual's SSN to other information such as addresses and telephone numbers. See Exhibit A.

24. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for employment purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to list criminal records on the individual consumer. See Exhibit A.

DEFENDANT(S)' STATUS AS A CONSUMER
REPORTING AGENCY, 15 USC 1681a(f)

25. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer

Reporting Agency" as defined by 15 USC 1681a(f) as follows.

> (f)The term "consumer reporting agency" means any person
> which, for monetary fees, dues, or on a cooperative nonprofit basis,
> regularly engages in whole or in part in the practice of assembling
> or evaluating consumer credit information or other information on
> consumers for the purpose of furnishing consumer reports to third
> parties, and which uses any means or facility of interstate
> commerce for the purpose of preparing or furnishing consumer
> reports.

26. Defendant(s) maintained the consumer on Defendant(s) for monetary fees, dues, or on a

cooperative nonprofit basis.

27. Defendant(s) regularly engage(s) in whole or in part in the practice of assembling or

evaluating consumer credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties.

28. Defendant(s) use(s) one or more means or facility of interstate commerce for the

purpose of preparing or furnishing consumer reports on Plaintiffs and other consumers.

## DEFENDANT'S STATUS AS A NATIONWIDE
## SPECIALITY CONSUMER PREPORTING AGENCY 15 USC 1681a(w)

29. At all times mentioned in this Complaint, Defendant(s) was acting as a "Nationwide

Specialty Consumer Reporting Agency" as defined by 15 USC 1681a(w) as follows.

> (w) Nationwide Specialty Consumer Reporting Agency.— The term
> "nationwide specialty consumer reporting agency" means a
> consumer reporting agency that compiles and maintains files on
> consumers on a nationwide basis relating to—
> (1) medical records or payments;
> (2) residential or tenant history;
> (3) check writing history;
> (4) employment history; or
> (5) insurance claims.

30. At all times mentioned in this Complaint, Defendant(s) compiled and maintained files on

consumers on consumers on a nationwide basis.

31. At all times mentioned in this Complaint, Defendant(s) maintained consumer reports on

Plaintiffs and other consumers related to residential or tenant history.

## COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE

## ACCURATE CREDIT TRANSACTION ACT, 15 USC 1681 ET. SEQ.

32. In 2011, Plaintiffs contacted Defendant in writing and requested a copy of the

information contained in Plaintiffs' consumer report which was maintained by

Defendant(s).  See Exhibits B and C.

33. 15 USC 1681 g (c)(2) imposes the following requirements on a consumer reporting

agency to include certain notices and disclosures on the individual's or consumer's report

when such report is provided by the consumer reporting agency to the consumer.

> (2) Summary of rights required to be included with agency disclosures
> A consumer reporting agency shall provide to a consumer, with each written
> disclosure by the agency to the consumer under this section—
> (A)the summary of rights prepared by the Commission under paragraph (1);
> (B)in the case of a consumer reporting agency described in section 1681a(p)
> of this title, a toll-free telephone number established by the agency, at which
> personnel are accessible to consumers during normal business hours;
> (C)a list of all Federal agencies responsible for enforcing any provision of this
> subchapter, and the address and any appropriate phone number of each such
> agency, in a form that will assist the consumer in selecting the appropriate
> agency;
> (D)a statement that the consumer may have additional rights under State law,
> and that the consumer may wish to contact a State or local consumer
> protection agency or a State attorney general (or the equivalent thereof) to
> learn of those rights; and
> (E)a statement that a consumer reporting agency is not required to remove
> accurate derogatory information from the file of a consumer, unless the
> information is outdated under section 1681c of this title or cannot be verified.

34. Defendant(s) did not include the above described required notice or disclosure with

Plaintiffs' consumer report when Defendant(s) sent Plaintiffs the consumer report.

35. Defendant(s) breached its / their duty under 15 USC 1681 g (c)(2)  to provide such notice

or disclosure to Plaintiffs.

## LIABILITY

36. It is believed and averred that the acts committed by Defendant, were willful, wanton and intentional.

37. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

38. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

39. Any mistake made by Defendant would have included a mistake of law.

40. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

41. Plaintiffs James Wright believes and avers that he is entitled to $1,000.00 statutory damages Plaintiffs pursuant to 15 USC 1681 et. seq.

42. Plaintiffs Vicki Piontek believes and avers that she is entitled to $1,000.00 statutory damages Plaintiffs pursuant to 15 USC 1681 et. seq..

43. Plaintiffs believes and avers that Defendant's conduct was willful, wanton and intentional, and therefore Plaintiffs requests punitive damages.

44. Plaintiffs requests punitive damages against Defendant in the amount to be determined by this Honorable Court.

45. For purposes of a default judgment, Plaintiffs believes and avers that the amount of such punitive damages should be no less than $5,000.00 because Defendant(s) actions were had the effect of compromising the integrity of 15 USC 1681 et. seq.

## ATTORNEY FEES

46. Plaintiffs is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of

$1,401.00 at a rate of $350.00 per hour, enumerated below.

a.  Consultation with clients.                                          1

b.  Drafting, editing, review and filing of complaint,
exhibits and related documents,                                   1

c.  Follow up contact with Defense                               2

_____

4 x $350 = $1,400.00

47. Plaintiffs' attorney fees continue to accrue as the case move forward.

48. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

49. Plaintiffs seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant to Provide Plaintiffs with his credit report once per year, free of charge.

50. Plaintiffs request a jury trial in this matter.

51. Plaintiffs demand a jury trial in this matter.

52. Plaintiffs seek such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiffs demand judgment against Defendant(s) in the amount of no less than $8,401.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq. for Plaintiffs James Wright

$1000 statutory damages pursuant to 15 USC 1692k et. seq. for Plaintiffs Vicki Piontek

$1,400.00 attorney fees

$5,000 punitive damages

_____

$8,401.00

Plaintiffs seeks such additional relief as the Court deems just and proper.

Crystal Powell, Esquire          Date
Attorney for Plaintiff
21 South 12th Street, Suite 100
Philadelphia, Pennsylvania
215-545-3400
cpowelll23@aol.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                                              :
416 Tohickon Avenue                                              :
Quakertown, PA  18951                                           :
and                                                              :
Vicki Piontek                                                    :
951 Allentown Road                                              :
Lansdale, PA  19446                                             :
Vs.                             Plaintiff                        :
Thompson Reuters Corporation                                    :
3 Times Square                                                  :
New York, NY 10036                                              :
and                                                              :
West Publishing Corporation                                     :
610 Opperman Drive                                              :
Saint Paul, MN  55123-1340                                      :
and                                                              :
John Does 1-10                                                  :      Jury Trial Demanded
and                                                              :
X,Y, Z Corporations                                             :
                                 Defendant                       :

## VERIFICATION

I, Vicki Piontek, affirm that the statements contained in the attached complaint are true ad
correct to the best of my knowledge understanding and belief.


_____          1·12-2012
Vicki Piontek                    Date

DEC-07-2011 08:33 AM   JAMES.WRIGHT          215 538 6128          P.01

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                          :
416 Tohickon Avenue                           :
Quakertown, PA  18951                         :
                          **Plaintiff**       :
                                              :
**Vs.**                                       :
                                              :
Thompson Reuters Corporation                  :
3 Times Square                                :
New York, NY 10036                            :
and                                           :
West Publishing Corporation                   :
610 Opperman Drive                            :
Saint Paul, MN  55123-1340                    :
and                                           :
John Does 1-10                                :     **Jury Trial Demanded**
and                                           :
X,Y, Z Corporations                           :
                          Defendant           :

**VERIFICATION**

I, James E. Wright, Jr., affirm that the statements contained in the attached complaint are
true ad correct to the best of my knowledge understanding and belief.

_____   ___12-7-11___
James E. Wright, Jr.        Date

## Searching with a Person's Name or Address

| Database name | Database Identifier | Required search terms | Records may include | Coverage |
|---|---|---|---|---|
| People Finder–Name Tracker[1] | PEOPLE-NAME | Last name | • Occupant's name<br>• Last known residence<br>• Telephone number<br>• Neighbor information | All 50 states and DC (access PEOPLE-XX for individual state records[2]) |
| People Finder–Historic Tracker | PEOPLE-FIND | Name<br>or Street address<br>or Social Security number | • Individual's name<br>• Partial Social Security number<br>• Approximate date of birth<br>• Telephone numbers<br>• Last known address<br>• Previous addresses | All 50 states, DC, PR, VI, and GU (access PEOPLEFIND-XX for individual state records[2]) |
| People Finder–Skip Tracer[1] | PEOPLE-TRACK | Last name<br>and Address | • Head of household's name<br>• Head of household's new address<br>• Last known residence<br>• Previous telephone number<br>• Neighbor information | All 50 states and DC |
| People Finder Household-Centric Records–Combined | PEOPLE-HH | Name<br>or Date of birth<br>or Address<br>or Telephone number | • Head of household's name<br>• Head of household's date of birth<br>• Head of household's marital status<br>• Household address/residence type<br>• Telephone number/service type<br>• Names of individuals in household | All 50 states and DC (access PEOPLEHH-XX for individual state records[2]) |
| Person–Verify | PERSON-VERIFY | First name<br>and Last name<br>and State<br>and ZIP code | • First and last name<br>• Address<br>• Telephone number<br>• Whether on do-not-call list<br>• Score indicating degree of match between name and address | All 50 states and DC |
| New Movers | NEWMOVERS | Name<br>or Address<br>or Telephone number | • Head of household's name<br>• Head of household's age range<br>• Head of household's ethnicity<br>• Head of household's address | All 50 states and DC |
| People Finder–Credit Header –Privacy Restricted Use[1] | PEOPLE-CH | Name Search: Last name and State or ZIP code<br><br>Address Search: Street address and City and state or ZIP code<br><br>SSN Search: Social Security number | • Individual's name<br>• Partial Social Security number<br>• Name and current address associated with the Social Security number | All 50 states and DC |
| Driver's License–Wallet Data[1, 3] | DLWALLET | Name Search: Last name and State issuing driver's license or ZIP code or Date of birth<br><br>Address Search: Street address and ZIP code<br><br>DL Number Search: Driver's license number and State issuing driver's license<br><br>SSN Search: Social Security number | • Name<br>• Partial Social Security number<br>• Approximate date of birth<br>• Gender<br>• Address<br>• License type and expiration date | Current coverage: FL, ID, LA, MD, ME, MN, MO, MS, ND, SC, TN, TX, and WI |

[1] Use of data restricted by Gramm-Leach-Bliley Act or other federal privacy laws.

[2] XX represents a state's two-letter postal abbreviation, e.g., PEOPLE-OH.

[3] Use of data restricted by the Driver's Privacy Protection Act of 1994.

[4] Use of data restricted by various state elections laws.

EXHIBIT A

# Public Records Databases

- Westlaw provides legal professionals with a comprehensive collection of databases containing public, publicly available, and proprietary information on individuals and businesses.

- These records

  - help identify assets and determine ownership of real property, motor vehicles, watercraft, aircraft, and corporate stock

  - help locate individuals

  - help identify encumbrances and adverse filings, such as bankruptcy filings, liens, judgments, and UCC filings

- These databases also contain valuable information to assist in preparing for litigation, such as the status of an existing action or the name of a registered agent.

Westlaw

# Public Records Tabbed Page



This tab page includes links to Assets, Adverse Filings, Court Records, Corporate Information, People Locators, and much more. Not all public record databases can be accessed using a law student password

# Public Record Databases

- West complies with all applicable federal, state, and local laws in the way Westlaw public record databases are created and made available to the public. The databases provide high-quality information to legal professionals for use in investigations, due diligence reviews, and people finding.

- Some databases require that you indicate the purpose of the search before running the search.

- Most searches can be limited to a specific state(s) by use of a state-specific database, i.e, PEOPLE-XX (where XX is the state's two-letter postal abbreviation) or by a state(s) selection option on the database Search page.

Westlaw

# Assets Databases

- Asset Locator (ASSET-ALL) searches all assets in 47 states. (XX-ASSET), where XX is a state's two-letter postal abbreviation) searches for assets in an individual state.

- Aircraft Records (AIRCRAFT) lists information upon registration by the Federal Aviation Administration.

- Motor Vehicle Records–Combined (DMV-ALL) indicates owner associated with vehicle's license plate number.

- Stock (STOCK) contains current information on stock holding and transactions involving at least 10 percent of stock in public companies.

- Watercraft Records (WATERCRAFT) lists U.S. Coast Guard records for both recreational and merchant vessels.

- Real Property Tax Assessors and Transaction Records–Combined (RP-ALL, RPALL-XX) contains abstracts of real property records maintained by local tax assessors and transactions derived from local registrars of deeds.

# People Finder Database

## Examples

- Death Records (DEATH) lists deceased individuals whose deaths were reported to the Social Security Administration.

- Person Profile Search (P-PROFILE) lists person's name and potential aliases; addresses; telephone number; motor vehicle and driver's license information; names of individuals that may live or had lived at the person's addresses; and adverse filings, such as bankruptcy, liens, and judgments.

- People Finder Credit Header Name and Address Tracker (PEOPLE-CHADDOR)

- People Finder Credit Header Social Security Number Tracker (PEOPLE-CHSSN)

Westlaw

# People Finder Database Examples

- People Finder Social Security Number Alert (SSN-ALERT) warns of Social Securities numbers that were never issued by the Social Security Administration.

- People Finder Telephone Tracker (PEOPLE-PHONE)

- People Finder Name Tracker (PEOPLE-NAME) and People Finder for individual states (PEOPLE-XX), where XX is a state's two-letter postal abbreviation)

- People Finder Skip Tracer (PEOPLE-TRACK) tracks previous addresses.

—Westlaw

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**
**267-373-9736**

West Publishing Corporation
610 Opperman Drive
Saint Paul, MN  55123-1340

## Re:  James E. Wright, Jr.     SSN: ▓▓▓▓▓▓▓

To Whom it May Concern:

For purposes of the Fair Credit Reporting Act, 15 USC 1692 et. seq., I am requesting copies of all personal information that your company has on me in your public records database, or in any database linked with the credit bureaus.  This includes personal and public information.

Sincerely,

_____          _____
James E. Wright, Jr.                          Date

EXHIBIT B



**VICKI PIONTEK**
951 Allentown Road
Lansdale, PA 19446

Westlaw and CLEAR Public Records
ATTN: D5 - S400 – Personal Information Request
610 Opperman Drive
Saint Paul, MN 55123-1340

Re:   Vicki Piontek        SSN: ███████████
      DOB 02-01-1972

To Whom it May Concern:

  I request a copy of my entire consumer report.

  Enclosed please find a copy of my passport and proof of mailing address. This letter is also being notarized to assure my identity.

  **Please redact the first 5 digits of my Social Security number on my consumer report.**

       Sincerely,

       *Vicki Piontek*  12-2-2011
       Vicki Piontek  Date

*Gloria Bryant*

Signature and Seal of Notary

My Commission Expires: *Apr. 25, 2015*

```
NOTARIAL SEAL
GLORIA BRYANT
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Apr 25, 2015
```

EXHIBIT C



IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                    :
416 Tohickon Avenue                     :
Quakertown, PA  18951                   :
and                                     :
Vicki Piontek                           :
951 Allentown Road                      :          2011-10895
Lansdale, PA  19446                     :
                          Plaintiff     :
Vs.                                     :
Thompson Reuters Corporation            :
3 Times Square                          :
New York, NY 10036                      :
and                                     :
West Publishing Corporation             :
610 Opperman Drive                      :
Saint Paul, MN  55123-1340              :
and                                     :
John Does 1-10                          :
and                                     :          Jury Trial Demanded
X,Y, Z Corporations                     :
                          Defendant     :

**NOTICE TO DEFEND**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union Street, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413          Fax: 215-348-3277



Case Number: 2011-10895                          5
Receipt:   Z640282                     Judge:27
Code: 48                          Filing: 9782158
Patricia Bachtle - Bucks Co Prothonotary
B09                          2/3/2012 9:57:20 AM

N THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                          :
416 Tohickon Avenue                           :
Quakertown, PA  18951                         :
and                                           :
Vicki Piontek                                 :
951 Allentown Road                            :        2011-10895
Lansdale, PA  19446                           :
Vs.                           Plaintiff       :
Thompson Reuters Corporation                  :
3 Times Square                                :
New York, NY 10036                            :
and                                           :
West Publishing Corporation                   :
610 Opperman Drive                            :
Saint Paul, MN  55123-1340                    :
and                                           :
John Does 1-10                                :        Jury Trial Demanded
and                                           :
X,Y, Z Corporations                           :
                              Defendant       :

## **COMPLAINT**

### INTRODUCTION

1. This is a lawsuit for damages brought by two individual consumers for Defendant(s)'

   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate

   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendant(s) do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff James Wright resides in this jurisdiction.

5. Witnesses involved in the case are located at or near this jurisdiction.

6. Similar litigation is already pending in this jurisdiction involving the same or similar issues of law and fact.

PARTIES

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. Plaintiffs s are the following persons.

    a.  James E. Wright, Jr., an adult individual with a current address of 416 Tohickon Avenue, Quakertown, PA 18951.

    b.  Vicki Piontek, with a current address including but not limited to 951 Allentown Road, Lansdale, PA 19446.

9. Defendants are the following individuals and business entities.

    a.  Thompson Reuters Corporation, a corporation with a an address including but not limited to 3 Times Square, New York, NY 10036.

    b.  West Publishing Corporation, a corporation with a an address including but not limited to 610 Opperman Drive, Saint Paul, MN 55123-1340.

    c.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiffs at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    d.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiffs at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Include Required Notices with Plaintiffs' Consumer Report**

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

**PLAINTIFFS' STATUS AS A CONSUMER, 15 USC 1681a (c)**

11. At all times mentioned herein Plaintiffs was a consumer as defined by 15 USC 1681.

12. At all times mentioned herein Plaintiffs was a person as defined by 15 USC 1681a (c).

13. At all times mentioned herein Plaintiffs was an individual as defined by 15 USC 1681a (c).

**FILE(S) MAINTAINED BY DEFENDANT(S) ON PLAINTIFFS 15 USC 1681a (d)**

14. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiffs as defined by 15 USC 1681(a)(d), as follows.

**(d) Consumer Report.—**
**(1) In general.—** The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness,[1] credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for
**(A)**credit or insurance to be used primarily for personal, family, or household purposes;
**(B)**employment purposes; or
**(C)**any other purpose authorized under section 1681b of this title.

15. The reports maintained by Defendant(s) on Plaintiffs were written communications.

16. The written report maintained by Defendant(s) had a bearing on Plaintiffs' credit worthiness, credit capacity, character, general reputations, personal characteristics or mode of living for reasons including but not limited to the following.

   a. The consumer report contained Bankruptcy information about Plaintiffs.

   b. The consumer report contained information about pending lawsuit(s) against one Plaintiffs.

   c. The report contained information about judgments that might pertain to Plaintiffs.

   d. The report contained information about Plaintiffs' criminal history

   e. The report contained information about Plaintiffs' address(es) and residential history.

   f. The report contained telephone numbers pertaining to Plaintiffs.

   g. The report contained information pertaining to Plaintiffs' assets.

17. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance for personal, family, or household purposes; or for employment purposes; or for any other purpose authorized under section 15 USC 1681b et. seq.

18. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which lists a "skip tracer" as one of the features of subscribing to Plaintiffs' service that provides such reports.  See attached Exhibit A.

19. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describes records maintained on individuals which help identify assets.  See Exhibit A.

20. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describes records maintained which help the user locate and individuals.  See Exhibit A.

21. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which describe the various personal databases kept on individuals.  See Exhibit A.

22. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to verify the individual's SSN.  See Exhibit A.

23. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to link the individual's SSN to other information such as addresses and telephone numbers.  See Exhibit A.

24. The report maintained by Defendant(s) on Plaintiffs was a consumer report because the report would reasonably be expected to be used for employment purposes as authorized by 15 USC 1681b et. seq. by virtue of Defendant's own advertising materials which purport to list criminal records on the individual consumer.  See Exhibit A.

## DEFENDANT(S)' STATUS AS A CONSUMER
## REPORTING AGENCY, 15 USC 1681a(f)

25. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer

Reporting Agency" as defined by 15 USC 1681a(f) as follows.

> **(f)**The term "consumer reporting agency" means any person
> which, for monetary fees, dues, or on a cooperative nonprofit basis,
> regularly engages in whole or in part in the practice of assembling
> or evaluating consumer credit information or other information on
> consumers for the purpose of furnishing consumer reports to third
> parties, and which uses any means or facility of interstate
> commerce for the purpose of preparing or furnishing consumer
> reports.

26. Defendant(s) maintained the consumer on Defendant(s) for monetary fees, dues, or on a

cooperative nonprofit basis.

27. Defendant(s) regularly engage(s) in whole or in part in the practice of assembling or

evaluating consumer credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties.

28. Defendant(s) use(s) one or more means or facility of interstate commerce for the

purpose of preparing or furnishing consumer reports on Plaintiffs and other consumers.

## DEFENDANT'S STATUS AS A NATIONWIDE
## SPECIALITY CONSUMER PREPORTING AGENCY 15 USC 1681a(w)

29. At all times mentioned in this Complaint, Defendant(s) was acting as a "Nationwide

Specialty Consumer Reporting Agency" as defined by 15 USC 1681a(w) as follows.

> (w) Nationwide Specialty Consumer Reporting Agency.— The term
> "nationwide specialty consumer reporting agency" means a
> consumer reporting agency that compiles and maintains files on
> consumers on a nationwide basis relating to—
> (1)medical records or payments;
> (2)residential or tenant history;
> (3)check writing history;
> (4)employment history; or
> (5)insurance claims.

30. At all times mentioned in this Complaint, Defendant(s) compiled and maintained files on

consumers on consumers on a nationwide basis.

31. At all times mentioned in this Complaint, Defendant(s) maintained consumer reports on

Plaintiffs and other consumers related to residential or tenant history.

# COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE ACCURATE CREDIT TRANSACTION ACT, 15 USC 1681 ET. SEQ.

32. In 2011, Plaintiffs contacted Defendant in writing and requested a copy of the information contained in Plaintiffs' consumer report which was maintained by Defendant(s).  See Exhibits B and C.

33. 15 USC 1681 g (c)(2) imposes the following requirements on a consumer reporting agency to include certain notices and disclosures on the individual's or consumer's report when such report is provided by the consumer reporting agency to the consumer.

> (2) Summary of rights required to be included with agency disclosures
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> (A)the summary of rights prepared by the Commission under paragraph (1);
> (B)in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> (C)a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
> (D)a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and
> (E)a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

34. Defendant(s) did not include the above described required notice or disclosure with Plaintiffs' consumer report when Defendant(s) sent Plaintiffs the consumer report.

35. Defendant(s) breached its / their duty under 15 USC 1681 g (c)(2)  to provide such notice or disclosure to Plaintiffs.

## ATTORNEY FEES

46. Plaintiffs is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,401.00 at a rate of $350.00 per hour, enumerated below.

a. | Consultation with clients. | 1

b. | Drafting, editing, review and filing of complaint, exhibits and related documents, | 1

c. | Follow up contact with Defense | 2

4 x $350 = $1,400.00

47. Plaintiffs' attorney fees continue to accrue as the case move forward.

48. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## LIABILITY

36. It is believed and averred that the acts committed by Defendant, were willful, wanton and intentional.

37. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

38. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

39. Any mistake made by Defendant would have included a mistake of law.

40. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## OTHER RELIEF

49. Plaintiffs seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant to Provide Plaintiffs with his credit report once per year, free of charge.

50. Plaintiffs request a jury trial in this matter.

51. Plaintiffs demand a jury trial in this matter.

52. Plaintiffs seek such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiffs demand judgment against Defendant(s) in the amount of no less than $8,401.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq. for Plaintiffs James Wright

$1000 statutory damages pursuant to 15 USC 1692k et. seq.  for Plaintiffs Vicki Piontek

$1,400.00 attorney fees

$5,000 punitive damages

_____

$8,401.00

Plaintiffs seeks such additional relief as the Court deems just and proper.

Crystal Powell, Esquire          Date
Attorney for Plaintiff
21 South 12th Street, Suite 100
Philadelphia, Pennsylvania
215-545-3400
cpowell123@aol.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                                    :
416 Tohickon Avenue                                    :
Quakertown, PA 18951                                   :
and                                                    :
Vicki Piontek                                          :
951 Allentown Road                                     :
Lansdale, PA 19446                                     :
Vs.                        Plaintiff                   :
Thompson Reuters Corporation                           :
3 Times Square                                         :
New York, NY 10036                                     :
and                                                    :
West Publishing Corporation                            :
610 Opperman Drive                                     :
Saint Paul, MN 55123-1340                              :
and                                                    :
John Does 1-10                                         :        Jury Trial Demanded
and                                                    :
X,Y, Z Corporations                                    :
                           Defendant                   :

**VERIFICATION**

I, Vicki Piontek, affirm that the statements contained in the attached complaint are true ad correct to the best of my knowledge understanding and belief.

_Vicki Piontek_ _____     _1·12-2012_ _____
Vicki Piontek            Date

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.                                 :
416 Tohickon Avenue                                 :
Quakertown, PA  18951                               :
                                    **Plaintiff**    :
                                                    :
Vs.                                                 :
                                                    :
Thompson Reuters Corporation                        :
3 Times Square                                      :
New York, NY 10036                                  :
and                                                 :
West Publishing Corporation                         :
610 Opperman Drive                                  :
Saint Paul, MN  55123-1340                          :
and                                                 :
John Does 1-10                                       :     Jury Trial Demanded
and                                                 :
X,Y, Z Corporations                                 :
                                    **Defendant**    :

## VERIFICATION

I, James E. Wright, Jr., affirm that the statements contained in the attached complaint are
true ad correct to the best of my knowledge understanding and belief.


_____     _12-7-11__
James E. Wright, Jr.          Date

## Searching with a Person's Name or Address

| Database name | Database identifier | Required search terms | Records may include | Coverage |
|---|---|---|---|---|
| People Finder–Name Tracker[1] | PEOPLE-NAME | Last name | • Occupant's name<br>• Last known residence<br>• Telephone number<br>• Neighbor information | All 50 states and DC (access PEOPLE-XX for individual state records[2]) |
| People Finder–Historic Tracker | PEOPLE-FIND | Name or Street address or Social Security number | • Individual's name<br>• Partial Social Security number<br>• Approximate date of birth<br>• Telephone numbers<br>• Last known address<br>• Previous addresses | All 50 states, DC, PR, VI, and GU (access PEOPLEFIND-XX for individual state records[2]) |
| People Finder–Skip Tracer[1] | PEOPLE-TRACK | Last name and Address | • Head of household's name<br>• Head of household's new address<br>• Last known residence<br>• Previous telephone number<br>• Neighbor information | All 50 states and DC |
| People Finder Household-Centric Records–Combined | PEOPLE-HH | Name or Date of birth or Address or Telephone number | • Head of household's name<br>• Head of household's date of birth<br>• Head of household's marital status<br>• Household address/residence type<br>• Telephone number/service type<br>• Names of individuals in household | All 50 states and DC (access PEOPLEHH-XX for individual state records[2]) |
| Person–Verify | PERSON-VERIFY | First name and Last name and State and ZIP code | • First and last name<br>• Address<br>• Telephone number<br>• Whether on do-not-call list<br>• Score indicating degree of match between name and address | All 50 states and DC |
| New Movers | NEWMOVERS | Name or Address or Telephone number | • Head of household's name<br>• Head of household's age range<br>• Head of household's ethnicity<br>• Head of household's address | All 50 states and DC |
| People Finder–Credit Header –Privacy Restricted Use[1] | PEOPLE-CH | Name Search: Last name and State or ZIP code<br><br>Address Search: Street address and City and state or ZIP code<br><br>SSN Search: Social Security number | • Individual's name<br>• Partial Social Security number<br>• Name and current address associated with the Social Security number | All 50 states and DC |
| Driver's License–Wallet Data[1,3] | DLWALLET | Name Search: Last name and State issuing driver's license or ZIP code or Date of birth<br><br>Address Search: Street address and ZIP code<br><br>DL Number Search: Driver's license number and State issuing driver's license<br><br>SSN Search: Social Security number | • Name<br>• Partial Social Security number<br>• Approximate date of birth<br>• Gender<br>• Address<br>• License type and expiration date | Current coverage: FL, ID, LA, MD, ME, MN, MO, MS, ND, SC, TN, TX, and WI |

[1] Use of data restricted by Gramm-Leach-Bliley Act or other federal privacy laws.

[2] XX represents a state's two-letter postal abbreviation, e.g., PEOPLE-OH.

[3] Use of data restricted by the Driver's Privacy Protection Act of 1994.

[4] Use of data restricted by various state elections laws.



EXHIBIT A

# Public Records Databases

- Westlaw provides legal professionals with a comprehensive collection of databases containing public, publicly available, and proprietary information on individuals and businesses.

- These records

  – help identify assets and determine ownership of real property, motor vehicles, watercraft, aircraft, and corporate stock

  – help locate individuals

  – help identify encumbrances and adverse filings, such as bankruptcy filings, liens, judgments, and UCC filings

- These databases also contain valuable information to assist in preparing for litigation, such as the status of an existing action or the name of a registered agent.

Westlaw

# Public Records Tabbed Page



# Public Record Databases

- West complies with all applicable federal, state, and local laws in the way Westlaw public record databases are created and made available to the public. The databases provide high-quality information to legal professionals for use in investigations, due diligence reviews, and people finding.

- Some databases require that you indicate the purpose of the search before running the search.

- Most searches can be limited to a specific state(s) by use of a state-specific database, i.e, PEOPLE-XX (where XX is the state's two-letter postal abbreviation) or by a state(s) selection option on the database Search page.

Westlaw

## Assets Databases

o  Asset Locator (ASSET-ALL) searches all assets in 47 states. (XX-ASSET), where XX is a state's two-letter postal abbreviation) searches for assets in an individual state.

o  Aircraft Records (AIRCRAFT) lists information upon registration by the Federal Aviation Administration.

o  Motor Vehicle Records—Combined (DMV-ALL) indicates owner associated with vehicle's license plate number.

o  Stock (STOCK) contains current information on stock holding and transactions involving at least 10 percent of stock in public companies.

o  Watercraft Records (WATERCRAFT) lists U.S. Coast Guard records for both recreational and merchant vessels.

o  Real Property Tax Assessors and Transaction Records—Combined (RP-ALL, RPALL-XX) contains abstracts of real property records maintained by local tax assessors and transactions derived from local registrars of deeds.

Westlaw

# People Finder Database Examples

- Death Records (DEATH) lists deceased individuals whose deaths were reported to the Social Security Administration.

- Person Profile Search (P-PROFILE) lists person's name and potential aliases; addresses; telephone number; motor vehicle and driver's license information; names of individuals that may live or had lived at the person's addresses; and adverse filings, such as bankruptcy, liens, and judgments.

- People Finder Credit Header Name and Address Tracker (PEOPLE-CHADDOR)

- People Finder Credit Header Social Security Number Tracker (PEOPLE-CHSSN)

# People Finder Database Examples

- People Finder Social Security Number Alert (SSN-ALERT) warns of Social Securities numbers that were never issued by the Social Security Administration.

- People Finder Telephone Tracker (PEOPLE-PHONE)

- People Finder Name Tracker (PEOPLE-NAME) and People Finder for individual states (PEOPLE-XX), where XX is a state's two-letter postal abbreviation)

- People Finder Skip Tracer (PEOPLE-TRACK) tracks previous addresses.

Westlaw

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**
**267-373-9736**

West Publishing Corporation
610 Opperman Drive
Saint Paul, MN  55123-1340

## Re:  James E. Wright, Jr.    SSN: ███████████

To Whom it May Concern:

For purposes of the Fair Credit Reporting Act, 15 USC 1692 et. seq., I am requesting copies of all personal information that your company has on me in your public records database, or in any database linked with the credit bureaus.  This includes personal and public information.

Sincerely,

_____        _____
James E. Wright, Jr.                    Date

EXHIBIT B

**VICKI PIONTEK**
951 Allentown Road
Lansdale, PA 19446

Westlaw and CLEAR Public Records
ATTN: D5 - S400 – Personal Information Request
610 Opperman Drive
Saint Paul, MN 55123-1340

Re:  **Vicki Piontek**     ~~SSN-~~
     **DOB 02-01-1972**

To Whom it May Concern:

I request a copy of my entire consumer report.

Enclosed please find a copy of my passport and proof of mailing address.  This letter is also being notarized to assure my identity.

**Please redact the first 5 digits of my Social Security number on my consumer report.**

Sincerely,

_Vicki Piontek_   12-2-2011
Vicki Piontek            Date

_Gloria Bryant_

Signature and Seal of Notary

My Commission Expires: _Apr 25, 2015_

NOTARIAL SEAL
GLORIA BRYANT
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Apr 25, 2015

EXHIBIT C

IN THE COURT OF COMMON PLEAS

MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Citibank , | : | |
| Plaintiff | : | 2011-17405 |
| v. | : | |
| K. F. Crumrine, | : | Jury Trial Demanded |
| Defendant | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1.     Plaintiff is CITIBANK (SOUTH DAKOTA), NA, with place of business located at 701 East 60th Street North, Sioux Falls, South Dakota.

Admitted.

2.     Defendant is Kate F Crumrine, who resides at 25 Haws Lane, Flourtown, Montgomery County, Pennsylvania. .::::;,

Admitted.

3.     Plaintiff is a national banking association, engaged in various types banking business including consumer lending through the issuance of credit cards.

Admitted.

4.     Plaintiff furnished consumer credit to the defendant by means of a(n), Exxon Mobile Classic Mastercard credit card with account number ending in 9781 hereinafter referred to as the credit card account.

Admitted that Defendant had an Exxon Mobile Classic Mastercard with Plaintiff.  Denied that the account information depicted in Plaintiff's Complaint is accurate.

5. Plaintiff kept accurate running records of all debits and credits to the account.

Denied.  States legal conclusions.  Strict proof is required at trial.

6. Plaintiff provided to defendant monthly statements for the account including the billing statement attached hereto as Exhibit A. The monthly statements accurately stated the previous balance, the debits and credits to the account for the prior billing period.

Denied. States legal conclusions. Strict proof is required at trial.

7. Before plaintiff provided Exhibit A, defendant had for many months made payments on account of the billing statement or retained the statement without payment.

Defendant is not able to confirm to deny the truth of the averment. To the extent that an answer is required, the averment is denied.

8. Defendant's actions as set forth above constituted an account stated between parties for the sum of $7,590.59 which sum reflects the Exhibit A statement balance less credits, if any, which were applied subsequent to the date of Exhibit A.

Denied. States legal conclusions. Strict proof is required at trial.


Wherefore, Defendant requests that no judgment be awarded to Plaintiff without a trial.


/s/ Vicki Piontek          2-2-2012
_____      ____
Vicki Piontek              Date
Attorney For Defendant
Bar ID No 83559
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS

MONTGOMERY COUNTY, PENNSYLVANIA


Citibank                    ,                    :

                    Plaintiff              :        2011-17405

v.                                         :

K. F. Crumrine,                            :        Jury Trial Demanded

                    Defendant              :


**CERTIFICATE OF SERVICE**


Vicki Piontek affirms that she is the attorney for the above captioned Defendant.  On the 2nd day of

February, 2012, she sent a copy of the attached preliminary objections by First Class, U.S. Mail, postage

pre-paid to the Plaintiff at the following address:


Burton Neil & Associates, P.C.
Derek C. Blasker, Esquire
1060 Andrew Drive, Suite 170
West Chester, PA 19380


/s/ Vicki Piontek          2-2-2012
_____    _____
Vicki Piontek              Date
Attorney For Defendant
Bar ID No 83559
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS

MONTGOMERY COUNTY, PENNSYLVANIA

Citibank           ,                    :

                   Plaintiff            :        2011-17405

v.                                      :

K. F. Crumrine,                         :        Jury Trial Demanded

                   Defendant            :

**VERIFICATION**

I, Kate Crumrine, affirm that the statements contained in the attached answer are true and correct to the best of my knowledge, understanding and belief.

_____   _____
Kate Crumrine            Date